NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**OLEG OLEINIC,**
*Petitioner*

**v.**

**DEPARTMENT OF THE AIR FORCE,**
*Respondent*

---

2024-2272

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-23-0393-I-2.

---

Decided: July 16, 2025

---

OLEG OLEINIC, Ashburn, VA, pro se.

MATTHEW JUDE CARHART, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, YAAKOV ROTH.

---

PER CURIAM.

Oleg Oleinic petitions for review of a final order by the Merit Systems Protection Board ("Board") that sustained his removal from employment with the Department of the Air Force ("agency"). For the following reasons, we affirm.

BACKGROUND

At the time of Mr. Oleinic's removal, he was employed as a Foreign Affairs Specialist in the agency's Treaty Compliance Office. S.A. 2.[1] On January 31, 2023, the agency notified Mr. Oleinic that it was proposing to remove him based on two charges: (1) Absence without Leave ("AWOL") and (2) Conduct Unbecoming a Federal Employee. S.A. 75. As to the first, the agency charged Mr. Oleinic with being AWOL for about five-and-a-half months due to his failure to provide medical documentation to support his request for leave under the Family and Medical Leave Act of 1993 ("FMLA"). S.A. 2. As to the second charge, the agency listed five specifications relating to financial impropriety and other misconduct. S.A. 2–4. After Mr. Oleinic responded to the notice of proposed removal, the agency issued a Notice of Decision to Remove citing both charges and removing Mr. Oleinic from employment effective April 2, 2023. S.A. 81–82. Mr. Oleinic appealed the decision to the Board.

In its initial decision, the administrative judge ("AJ") sustained both charges on all specifications. S.A. 27–41. The AJ found that the agency had given due process by providing Mr. Oleinic with notice and an opportunity to respond. S.A. 41–44. The AJ also rejected Mr. Oleinic's affirmative defenses. S.A. 45–57. Analyzing the factors set forth in *Douglas v. Veterans Admin.*, 5 M.S.P.B. 313 (1981), the AJ found that the agency had established a nexus between its charges and the efficiency of the ser-

---

[1]    "S.A." refers to the supplemental appendix included with the government's informal brief.

vice, and that the penalty was reasonable and promoted the efficiency of the service. S.A. 57–62.

The AJ's initial decision became the Board's final decision on June 26, 2024. S.A. 62. Mr. Oleinic now petitions for review of the Board's decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review of Board decisions is limited by statute. We must affirm the Board's decision unless we find that it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *See* 5 U.S.C. § 7703(c); *Holland v. Dep't of Air Force*, 31 F.3d 1118, 1120 (Fed. Cir. 1994). "The petitioner bears the burden of establishing error in the Board's decision." *Harris v. Dep't of Veterans Affs.*, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

Mr. Oleinic appears to primarily contend that the AJ abused her discretion in denying Mr. Oleinic's requests to postpone the Board hearing and "clos[ing] the record" before he could "properly format" his submissions and refute the agency's charges. Pet'r's Informal Br. 13.[2] We disagree. Mr. Oleinic has failed to demonstrate that the AJ committed an abuse of discretion as to these procedural and evidentiary matters. *See Spezzaferro v. Fed. Aviation Admin.*, 807 F.2d 169, 173 (Fed. Cir. 1986). The record before the Board reflects numerous adjustments to deadlines for Mr. Oleinic's benefit and ample opportunities provided to Mr. Oleinic to submit his filings. S.A. 12–18. Despite the AJ finding Mr. Oleinic failed to establish good cause to waive the deadline for filing prehearing submissions, the AJ reopened the record and allowed

---

[2] We cite to the ECF page numbers.

Mr. Oleinic to provide additional documentation attempting to refute the AWOL charge. S.A. 16–17. The AJ also considered Mr. Oleinic's submissions and found that, even assuming Mr. Oleinic had been entitled to the full amount of FMLA leave requested, his absence was longer than his potential leave total, leaving a shortfall of time for which he was not excused.[3]

Mr. Oleinic also alleges that his due process rights were violated during the agency's removal process and before the Board. Pet'r's Informal Br. 3–9, 15–16, 20–21. We disagree. Mr. Oleinic does not direct us to anything in the record supporting this claim. The agency provided Mr. Oleinic with a notice of proposed removal, to which Mr. Oleinic responded with a lengthy email. S.A. 43. While Mr. Oleinic may have requested an extension in addition to addressing the merits of his proposed removal, he never responded to the agency's request for why he needed an extension and did nothing to supplement his initial email in the interim. S.A. 11, 43–44. Thus, the AJ found that Mr. Oleinic was afforded a reasonable opportunity to respond to the agency's proposed removal sufficient to satisfy his due process rights. S.A. 41–44. And as discussed above, the AJ provided numerous opportunities for Mr. Oleinic to be heard during the Board proceedings.

Further, Mr. Oleinic makes no cognizable challenge to the AJ's finding that the agency proved each of the five specifications of Conduct Unbecoming a Federal Employee by preponderant evidence. Mr. Oleinic alleges, without support, that the agency "fabricated evidence" such as a false police report regarding the rental car Mr. Oleinic failed to return, Informal Reply Br. 6, but the AJ already considered the evidence in this case and found the agency

---

[3]    To be clear, the AJ found Mr. Oleinic "was not entitled to FMLA leave." S.A. 27. Mr. Oleinic does not allege error in this finding.

proved its charges. *See, e.g.*, S.A. 40–41. Under the substantial evidence standard of review, we "do[ ] not reweigh evidence on appeal." *In re NTP, Inc.*, 654 F.3d 1279, 1292 (Fed. Cir. 2011).

## CONCLUSION

We have considered Mr. Oleinic's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

## **AFFIRMED**

### COSTS

No costs.